Barbra R. Parlin, Esq.
Loren L. Forrest Jr., Esq. (*pro hac vice*)
Edward C. Frischling, Esq. (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY  10019
Tel.: (212) 513-3200
Fax: (212) 385-9010

*Attorneys for Defendant*
*CSX Transportation, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No.:  <u>12-30629</u> |
| NORTH CONNECTIONS LOGISTICS, INC., | Judge:  <u>KCF</u> |
| Debtor. | Chapter:  <u>7</u> |
| NORTH CONNECTIONS LOGISTICS, INC., | |
| Plaintiff, | Adv. Pro. No.  12-01979-KCF |
| v. | |
| CSX TRANSPORTATION, INC., | |
| Defendant. | |

**DEFENDANT CSX TRANSPORTATION, INC.'S REPLY
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

## Table of Contents

Page

TABLE OF AUTHORITIES .................................................................................................. ii

Preliminary Statement............................................................................................................1

    I.    THE CLAIM MUST BE ARBITRATED UNDER NEW JERSEY OR FLORIDA LAW ....................................................................................................2

        a.    The Claim is Subject to Arbitration under Florida law................................3

        b.    The Claim is Subject to Arbitration under New Jersey Law .......................6

    II.    FLORIDA IS THE PROPER VENUE ...................................................................7

    III.    THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO PLEAD FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM UNDER *TWOMBLY* AND *IQBAL* ........................................................................................9

CONCLUSION......................................................................................................................11

## TABLE OF AUTHORITIES

| CASES | PAGE |
|---|---|

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................................9

*Aztec Med. Serv's., Inc v. Burger*,
792 So.2d 617 (Fla. Dist. Ct. App. 2001) ................................................................................5

*Beazer Homes Corp. v. Bailey*,
940 So.2d 453 (Fla. Dist. Ct. App. 2006) ................................................................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................................9

*Carpenters Health and Welfare Fund of Phila. v. Kia Enters. Inc.*,
Civ. No. 09–116, 2009 WL 2152276 (E.D. Pa. Jul. 15, 2009) ..............................................10

*Crescent Int'l, Inc. v. Avatar Cmty's, Inc.*,
857 F.2d 943 (3d Cir. 1988) .................................................................................................8, 9

*EPIX Holdings Corp. v. Marsh & McLennan Cos., Inc.*,
410 N.J. Super. 453, 982 A.2d 1194 (N.J. Super. Ct. App. Div. 2009) ..........................4, 6, 7

*In re First Interregional Advisors Corp.*,
271 B.R. 463 (Bankr. D.N.J. 2001) .........................................................................................2

*Instructional Sys., Inc. v. Computer Curriculum Corp.*,
130 N.J. 324, 614 A.2d 124 (1992) .........................................................................................2

*Jackson v. Shakespeare Found. Inc.*,
--- So. 3d ---, Civ. No. SC11-1196, 2013 WL 362786 (Fla. Jan. 31, 2013) .......................4, 6

*Jansen v. Salomon Smith Barney, Inc.*,
342 N.J. Super. 254, 776 A.2d 816 (N.J. Super. Ct. App. Div. 2001) ................................6, 7

*J.T.'s Tire Service, Inc. v. United Rentals North America, Inc.*,
411 N.J Super. 236, 985 A.2d 211 (N.J. Super. Ct. App. Div. 2010) ...................................10

*Karzhevsky v. Loving Care Agency, Inc.*,
Civ. No. A-1406-08T3, 2010 WL 114392 (N.J. Super. Ct. App. Div. Jan. 14, 2010) .............8

*Lucey v. FedEx Ground Package Systems, Inc.*,
305 F. App'x 875 (3d Cir. 2009) ..............................................................................................2

*Maguire v. King*,
  917 S.2d 263 (Fla. Dist. Ct. App. 2005) ............................................................................6

*McFarland v. Miller*,
  14 F.3d 912 (3d Cir. 1994) ..................................................................................................2

*Ramon v. Budget Rent-A-Car Sys., Inc.*,
  Civ. No. 06-1905, 2007 WL 604795 (D.N.J. Feb. 20, 2007) .............................................3

*Rubin v. Chilton*,
  359 N.J. Super. 105, 819 A.2d 22 (N.J. Super. Ct. App. Div. 2003) ................................10

*Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*,
  Civ. No. 10-0881, 2010 WL 3199886 (D.N.J. Aug. 12, 2010) .......................................8, 9

*Sangi v. Warren Hosp.*,
  Civ. No. 10-4571, 2011 WL 4857933 (D.N.J. 2011) .......................................................11

*Seifert v. U.S. Home Corp.*,
  750 So.2d 633 (Fla. 1999) ...............................................................................................3, 4

*Slater v. Energy Services Group Intern., Inc.*,
  634 F.3d 1326 (11th Cir. 2011) ..........................................................................................8

*Tuoni v. Elec. Evidence Discovery Inc.*,
  Civ. No. 10-2235, 2010 WL 5441656 (D.N.J. Dec. 23, 2010) ...........................................8

*Wasserstein v. Kovatch*,
  261 N.J. Super. 277, 618 A.2d 886 (N.J. Super. Ct. App. Div. 1993) ................................6

**STATUTES**

N.J.S.A. § 10:5-12(l) ................................................................................................... *passim*

**PROCEDURAL RULES**

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1

CSX Transportation, Inc. ("CSXT") respectfully submits this reply memorandum of law in further support of its motion (the "Motion") to dismiss the Complaint now being prosecuted by the chapter 7 trustee ("Trustee") of North Connections Logistics, Inc. ("NCL").

## Preliminary Statement

CSXT's Motion shows that the Trustee's New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(l) ("LAD") claim is subject to a binding and enforceable arbitration agreement, that venue is improper in this Court and that the Complaint fails to state a claim upon which relief can be granted.

The Trustee opposes the Motion using the only tools available to him, deflection and obfuscation. For example, he brought his claim under New Jersey law and does not dispute that applicable New Jersey law mandates arbitration thereof, but now claims that Florida law is applicable. Whether this Court applies New Jersey or Florida law, the result is the same. The LAD claim at issue is premised on the notion that CSXT purposefully withheld lead time under its July 1, 2009 CSX Transportation System Agreement (the "Agreement") with NCL so as to cause NCL to breach its obligations and thereby create a pretext for "refusing to contract" with NCL. Both the Complaint and the Trustee's Opposition reference the breach of specific obligations under the Agreement in nearly every paragraph, and it is clear that the claim cannot be resolved without reference to the Agreement. As such, this clearly is a dispute "arising out of or connected with" any default or breach of the Agreement, and both the arbitration and venue provisions apply.

The Trustee's opposition to CSXT's 12(b)(6) Motion fares no better. He spends pages arguing about the correct pleading standard, but in the end, the parties do not dispute that *Twombly* and *Iqbal* govern. Unlike the case he cites, in which the plaintiff pled specific facts,

the Trustee's reliance on vague inferences, rumors, eye rolling and innuendo simply cannot nudge this claim over the line from speculative to plausible. Further, the Trustee's suggestion that CSXT would purposely harm its own business to create a pretext is not only implausible, but also patently absurd.

I. **THE CLAIM MUST BE ARBITRATED UNDER NEW JERSEY OR FLORIDA LAW**

CSXT's Motion shows that federal law favors enforcement of arbitration agreements, that NCL's agreement to arbitrate is enforceable notwithstanding its pending bankruptcy case and the conversion of that case to chapter 7, and that as a matter of New Jersey law, the Trustee's claim is within the scope of the arbitration clause in the Agreement and thus must be arbitrated. *See* Motion at 5-11. Although he devotes many pages to the subject of arbitration, arguing pointlessly and at length about whether federal or state law governs the scope of the arbitration clause at issue, [1] the Trustee does not actually dispute any of the foregoing. Instead, he argues that Florida, not New Jersey law applies here, and that under Florida law the LAD claim is not subject to arbitration.

When state law governs an issue, a bankruptcy court must apply the choice of law rules of the forum state. *In re First Interregional Advisors Corp.*, 271 B.R. 463, 469 (Bankr. D.N.J. 2001); *McFarland v. Miller*, 14 F.3d 912, 917 (3d Cir. 1994). New Jersey courts defer to contractual choice of law agreements unless doing so would violate public policy. *Lucey v. FedEx Ground Package Systems, Inc.*, 305 F. App'x 875, 877 (3d Cir. 2009); *Instructional Sys., Inc. v. Computer Curriculum Corp.*, 130 N.J. 324, 614 A.2d 124, 133 (1992).

---

[1] The Trustee devotes nearly ten full pages of his brief to this argument, *see* Opposition at pp. 9-19, despite the fact that it is obvious from CSXT's citation to New Jersey law that there is no dispute about whether state or federal law governs this issue.

2

The Agreement states that it is governed by Florida law, but the Complaint purports to assert a claim under the LAD and was asserted in this adversary proceeding, not in an arbitration as required by the parties' Agreement. The Trustee also repeatedly has argued that the claim is about the "absence of a contract." Under the circumstances, it seems disingenuous for the Trustee to rely on the contractual choice of law provision.[2]

That said, choice of law disputes are relevant only when application of another state's law to a particular issue would result in a different outcome. *Ramon v. Budget Rent-A-Car Sys., Inc.*, Civ. No. 06-1905, 2007 WL 604795 at *3 (D.N.J. Feb. 20, 2007) (citing *Port Authority of N.Y. and N.J. v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999). Here, under either Florida or New Jersey law, the outcome is the same: the claim is subject to mandatory arbitration.

    a.    **The Claim is Subject to Arbitration under Florida law**

The Trustee relies solely on *Seifert v. U.S. Home Corp.*, 750 So.2d 633 (Fla. 1999) for the proposition that, as a matter of Florida law, the claim at issue here falls outside the scope of the arbitration clause in the Agreement. His reliance is misplaced.

In *Seifert*, the Florida Supreme Court stated that there are two types of arbitration clauses: narrow and broad. *Id.* at 636-37. A narrow clause only uses a phrase such as "under" or "arising out of" the contract. *Id.* at 637. A broad clause uses a phrase such as "arising out of or relating to." *Id.* In this case, the Agreement uses the phrase "arising out of or connected with," which is a broad arbitration clause.

The Seifert court held that a claim falls within the scope of a broad arbitration clause when it bears a significant relationship to the agreement, and this issue "necessarily depends on

---

[2] It is possible that the Trustee reached out to Florida law because he doesn't dispute that New Jersey law requires arbitration of the claim. If so, his effort to avoid New Jersey law was in vain, because Florida law likewise mandates arbitration here.

3

the existence of some nexus between the dispute and the contract containing the arbitration clause." *Id.* at 638. The *Seifert* court, like the New Jersey courts cited by CSXT in its Motion, also held that "whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint rather than the legal arguments asserted." *Id.*; *accord EPIX Holdings Corp. v. Marsh & McLennan Cos., Inc.*, 410 N.J. Super. 453, 472–73, 982 A.2d 1194, 1205-07 (N.J. Super. Ct. App. Div. 2009).

While not cited by NCL (having just been decided), the Florida Supreme Court recently decided a case regarding the scope of an arbitration clause, relying on and further interpreting its earlier decision in *Seifert*. *Jackson v. Shakespeare Found., Inc.*, --- So. 3d ---, Civ. No. SC11-1196, 2013 WL 362786 (Fla. Jan. 31, 2013). In that case, the plaintiff/buyer brought a common law fraud claim that arose from a representation made by the defendant/seller regarding a contract. *Id.* at *1. The defendant sought to enforce the broad arbitration clause of the parties' contract and compel arbitration. *Id.* at *3. The appellate court denied arbitration "because the fraud claim arose from a general duty established under the common law; not from an obligation arising under the contract." *Id.* This decision conflicted with another Florida appellate court which had held the opposite, on very similar facts, stating "[T]he tort claims are nonsensical when divorced from the contractual obligation. . . ." *Id.* at *4 (citing *Maguire v. King*, 917 So.2d 263, 266 (Fla. Dist. Ct. App. 2005)). The Florida Supreme Court reversed, holding that "although the fraud claim is based on common law fraud, it is inextricably intertwined with both the circumstances that surrounded the transaction from which the contract emanated and the contract itself." *Id.* at *6. The court added that elements of the plaintiff's claim, including the damages, emanate or arise from the execution and existence of the contract, and an element of the defendant's defense required reference to and construction of the contract. *Id.* at *7. Thus,

under Florida law, even when a claim arises from a duty otherwise imposed by law, such as the trustee asserts is the case here, if the litigants are parties to a contract with a broad arbitration clause and an element of plaintiff's or defendant's case requires reference to or construction of the contract, then the claim must be arbitrated.

The factual allegations in this Complaint make it clear that the claim falls within the scope of the parties' arbitration agreement. Among other things, the Complaint alleges that CSXT withheld information, failed to give NCL proper lead time and manufactured a breach, all allegations that cannot be resolved without referencing and construing the terms of the Agreement. *See Beazer Homes Corp. v. Bailey*, 940 So.2d 453 (Fla. Dist. Ct. App. 2006) (enforcing arbitration where statutory claim rested on same facts and was parallel to breach of contract claim); *Aztec Med. Serv's., Inc v. Burger*, 792 So.2d 617, 623 (Fla. Dist. Ct. App. 2001) (same). Any claim for damages necessarily requires reference to the Agreement as well. CSXT's defense that it terminated the Agreement for non-discriminatory reasons due to NCL's breach of contract also will require reference to and construction of the Agreement.

Despite the clear connection between the Complaint's repeated assertion that CSXT "manufactured the breach" and the terms of the Agreement, the Trustee disingenuously argues that this case is about the "absence of an agreement on account of CSX's [*sic*] refusal to contract" and that the claim thus falls outside the scope of the arbitration clause.[3] Opposition at 24. The Trustee's argument is nonsensical, particularly given that resolution of this dispute

---

[3] The Trustee even goes so far as to admit that CSXT had a right to terminate the Agreement in accordance with its terms, but claims that since it did so for illegal reasons there is no contract out of which the dispute arises. Opposition at 24. Given that the Agreement did not permit early termination except upon a breach by the other party (see Parlin Cert. Ex. 1 ¶ 19), or CSXT's determination that NCL's services were unsatisfactory, and the Complaint repeatedly alleges that CSXT caused NCL to breach for discriminatory reasons, this argument also is nonsensical. Notably, NCL fails to mention that under ¶ 19 of the Agreement, CSXT had the right to terminate if it found NCL's services unsatisfactory.

5

necessarily requires a determination as to whether CSXT actually "manufactured a breach" (as the Complaint repeatedly asserts) and whether the Agreement even required CSXT to provide the amount of lead time and information that the Complaint alleges CSXT failed to give to NCL. Complaint at ¶ 38.

The Trustee cannot have his cake and eat it too. He cannot argue that CSXT had the right to terminate the Agreement but does not have the right to refuse to deal with the party that failed to perform the obligations in that Agreement. In this case, to prevail on the LAD claim, the Trustee will have to prove both that CSXT violated the Agreement and that it did so for discriminatory reasons so as to manufacture a breach. *See Maguire*, 917 So.2d at 266 (finding that plaintiff's tort claims were nonsensical when divorced from its contractual claim). As in *Jackson*, the claim here is inextricably intertwined with the circumstances surrounding and emanating from the Agreement. *See Jackson*, 2013 WL 362786 at *7; *see also Maguire*, 917 So.2d at 267 (allegations supporting plaintiffs tort claims were analogous to those supporting plaintiffs breach of contract claims and thus arose out of the contract and were subject to arbitration). As a matter of Florida law, the claim must be arbitrated.

    b.    **The Claim is Subject to Arbitration under New Jersey Law**

As noted above, the Trustee does not dispute that under New Jersey law the LAD claim at issue here falls well within the scope of the arbitration clause. Like the Florida law discussed above, New Jersey courts will compel arbitration if the factual allegations in a plaintiff's complaint touch matters covered by the parties' contract, notwithstanding the legal labels attached to them. *EPIX*, 410 N.J. Super. at 473, 982 A.2d at 1206; *Jansen v. Salomon Smith Barney, Inc.*, 342 N.J. Super. 254, 258, 776 A.2d 816, 819 (N.J. Super. Ct. App. Div. 2001) (ordering arbitration: even though "plaintiffs couch their claim as an independent tort action, the

6

complaint essentially sounds in contract"); *Wasserstein v. Kovatch*, 261 N.J. Super. 277, 286, 618 A.2d 886, 891 (N.J. Super. Ct. App. Div. 1993) ("Notwithstanding the language of the Wassersteins' complaint sounding in tort, the complaint essentially arises in contract rather than tort and is governed by the contract.").

Reduced to its essence, the Complaint alleges nothing more than that CSXT breached the Agreement by failing to exercise reasonable efforts to provide two hours of lead time and that this breach of contract was somehow racially motivated. Regardless of how the Trustee styles the Complaint, the alleged failure to use reasonable efforts to provide timely notice, however motivated, arises out of the Agreement and the parties have agreed to arbitrate such disputes. Under these circumstances, there is no question that the LAD claim before the Court must be arbitrated. *See EPIX*, 410 N.J. Super. at 472–73, 982 A.2d at 1205-07 (N.J. Super. Ct. App. Div. 2009) (even though arbitration provision made no reference to statutory or other related claims, factual matters alleged in complaint "touch matters" encompassed by the contract, and must be arbitrated); *Jansen*, 342 N.J. Super. at 258, 776 A.2d at 819.

## II. **FLORIDA IS THE PROPER VENUE**

CSXT's motion shows that venue of this action in this Court also violates the Agreement, which provides that, "[t]he exclusive venue for any judicial action arising from this Agreement shall be a state or federal court of competent jurisdiction located in Jacksonville, Florida". Parlin Cert. Ex. 1 ¶ 23(C). The Trustee does not argue that this provision is invalid, or was procured as a result of fraud or overreaching. Although the Complaint alleges that this is a "core" action, the Trustee likewise does not dispute that this case actually is not core or that the forum selection clause is enforceable notwithstanding the pending chapter 7 case. *See* Motion at 18-19.

7

The Trustee also makes no effort to dispute that courts in New Jersey (as well as Florida) will enforce forum selection clauses in discrimination cases, even if that means another state's court must apply New Jersey law in deciding such claim. *See, e.g., Karzhevsky v. Loving Care Agency, Inc.*, Civ. No. A-1406-08T3, 2010 WL 114392 (N.J. Super. Ct. App. Div. Jan. 14, 2010) (dismissing plaintiff's LAD claim for improper venue based on a binding forum selection clause because claim arose out of the parties' agreement); *Tuoni v. Elec. Evidence Discovery Inc.*, Civ. No. 10-2235, 2010 WL 5441656 (D.N.J. Dec. 23, 2010) (transferring Title VII case to another venue in accordance with parties contractual forum selection clause); *Slater v. Energy Services Group Intern., Inc.*, 634 F.3d 1326 (11th Cir. 2011) (transferring Title VII and Florida Civil Rights Act claims to Virginia pursuant to forum selection clause in parties' contract). Instead, the Trustee simply reprises his argument that the LAD claim at issue here is not one "arising from" or "brought to enforce" the Agreement because, he claims, CSXT "is being sued for its refusal to contract." *See* Opposition at 28.

Courts in this Circuit consistently enforce parties' contractual forum selection agreements with respect to civil statutory or tort based claims "where 'the claims asserted arise out of the contractual relation and implicate the contract's terms.'" *Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*, Civ. No. 10-0881, 2010 WL 3199886 at *5-6 (D.N.J. Aug. 12, 2010) (citing *Crescent Int'l, Inc. v. Avatar Cmty's, Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988)) (affirming dismissal of consumer fraud act and other non-contractual claims based on contractual venue provision where claims all involved allegations arising out of the parties' agreement).

For example, the parties in *Crescent Int'l* had agreed in their contract that litigation "upon any of [the contract's] terms"[4] would be maintained in a state or federal court in Florida, but plaintiff nevertheless filed its suit in the District Court in Pennsylvania. *Crescent Int'l, Inc.*, 857 F.2d at 944-45. On appeal of the District Court's decision to dismiss the case for improper venue, the plaintiff/appellant, like the Trustee here, argued that the contractual forum selection clause was "so narrowly drafted that it does not apply" to the plaintiff's statutory and tort claims. The Third Circuit disagreed, finding that all of the claims at issue "involve allegations arising out of the agreement implicating its terms. . . [P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." *Id.* at 944-45; *see also Sahara*, 2010 WL 3199886 at * 5-6.

Unlike the claims at issue in the cases cited by the Trustee and as discussed in detail above, there is no question that the LAD claim at issue here arises directly out of the parties' Agreement and the performance of their rights and obligations thereunder. Under the circumstances, this Court should not permit the Trustee to "plead around" a valid and enforceable forum selection clause. Whether this case proceeds in arbitration or in a court, it must be prosecuted in Jacksonville, Florida. Parlin Cert. Ex. 1 ¶ 23(C).

### III. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO PLEAD FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM UNDER *TWOMBLY* AND *IQBAL*

It is undisputed that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) require a plaintiff to plead facts, not legal conclusions or implausible inferences, sufficient to nudge a claim across the line from

---

[4] This language is analogous to the "arising from" language in the venue provision at issue here.

conceivable to plausible. In his opposition papers, the Trustee first purposely misstates CSXT's arguments about how the *Twombly/Iqbal* standard applies to the various methods by which plaintiffs may present a race discrimination claim under the LAD, and then reprises the same inadequate allegations as are contained in the Complaint. The Trustee's red herring arguments aside, the Complaint must satisfy *Twombly* and *Iqbal*. It does not.

*Rubin v. Chilton*, 359 N.J. Super. 105, 819 A.2d 22 (N.J. Super. Ct. App. Div. 2003), cited by the Trustee, is inapposite. It says nothing about the sufficiency of allegations required to plead an LAD claim. *Twombly* and *Iqbal* make it clear, however, that those allegations must be specific and factual, not legal conclusions or innuendo.

The Trustee also relies on *J.T.'s Tire Service, Inc. v. United Rentals North America, Inc.*, 411 N.J Super. 236, 985 A.2d 211 (N.J. Super. Ct. App. Div. 2010). Unlike this case, the complaint in *J.T.'s Tire Service* alleged specific and unequivocal facts showing that the male defendant pressured plaintiff to have a sexual relationship with him and that when she refused, defendant caused his company to terminate their business relationship in violation of the LAD. *Id*. For example, the plaintiff alleged that defendant kissed and groped her against her will, that when she refused his advances he said she was "making a very poor business decision," and thereafter began delaying payments and ultimately stopped ordering tires from her company. *Id*.

The specificity and plausibility of the allegations in the *J.T.'s Tire Service* complaint stand in stark contrast to the vague allegations, rumors, eye rolling and implausible inferences contained in the Complaint at issue here. For example, given the important role that CSXT's taxi service providers play in its business operations and the significant harm resulting from any failure by those service providers to perform, *see* Parlin Cert. Ex. 1, preamble, ¶ 9(D), (E), the suggestion that CSXT would purposely impede NCL's ability to provide timely services so as to

10

"manufacture a breach" is not merely implausible, but preposterous. *See Carpenters Health and Welfare Fund of Phila. v. Kia Enters. Inc.*, Civ. No. 09-116, 2009 WL 2152276 at *1-4 (E.D. Pa. Jul. 15, 2009) (finding that allegations that are not only compatible with, but more likely explained by, lawful behavior cannot plausibly suggest actionable wrongdoing).[5]

At most, the Complaint's allegations show that NCL failed to perform even though CSXT gave NCL the lead time required by the Agreement, that CSXT warned NCL regarding its performance failures, and that CSXT finally terminated the Agreement in accordance with its provisions when NCL did not heed those warnings. Such allegations do not state a claim under the LAD. *See Sangi v. Warren Hosp.*, Civ. No. 10-4571, 2011 WL 4857933 (D.N.J. 2011) (granting motion to dismiss because plaintiff failed to allege sufficient non-speculative facts that raised a reasonable inference of discriminatory animus). *Id.*

## CONCLUSION

For the reasons set forth above and in the Motion, CSXT respectfully requests that the Court dismiss the Complaint because (i) the claim it asserts must be arbitrated; (ii) venue is not proper in this Court; and/or (iii) it fails to state a claim upon which relief may be granted.

Dated: February 22, 2013

HOLLAND & KNIGHT LLP
Attorneys for CSX Transportation, Inc.

By: /s/ Barbra R. Parlin
    Barbra R. Parlin
    Loren L. Forrest, Jr.
    Edward C. Frischling
    31 West 52nd Street
    New York, NY 10019
    Tel.: 212-513-3200

#12316825_v22

---

[5] *Kia* granted a motion to dismiss counterclaims under § 1981 that are analogous to the LAD claim at issue here. Like this complaint, the counterclaimant in *Kia* failed to allege specific facts demonstrating discrimination. Notably, the Trustee fails to address *Kia* in his Opposition.

11