**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

TO:    JAMES J. WALDRON, CLERK    IN RE:  NORTH CONNECTIONS
                                                                    LOGISTICS, INC.

CASE NO.: 12-30629(KCF)

ADV. PROC. NOS.: 12-01979(KCF); and
                                        13-01374(KCF)

**CHAPTER 7**

**INFORMATION FOR NOTICE OF SETTLEMENT OF CONTROVERSY**

John M. McDonnell, Chapter 7 Trustee (the "Trustee"), not individually or personally, but as the Trustee for the estate of North Connections Logistics, Inc., the chapter 7 debtor (the "Debtor"), proposes to settle a claim and/or action, the nature of which is described below.

If any creditor or other party in interest has an objection to the settlement, the objection, and request for a hearing on such objection shall be in writing, served upon the person named below, and filed with the Clerk of the United States Bankruptcy Court.

Such objection and request shall be filed with the Clerk and served upon the person named below no later than (*date to be fixed by the Court*).

In the event an objection is timely filed, a hearing thereon will be held on (*date and location of hearing will be supplied by the Court*).

If no objection is filed with the Clerk and served upon the person named below on or before twenty days from the date of this notice, the settlement will be consummated as proposed on or after twenty-five days from the date of this notice.

The nature of action and the terms of the settlement are as follows:

| NATURE OF ACTION | PERTINENT TERMS OF THE SETTLEMENT[1] |
|---|---|
| On August 20, 2012 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). Before the Petition Date, Debtor and CSX Transportation, Inc. | The Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date"). CSXT shall pay to the Trustee the sum of sixty-four thousand ($64,000.00) dollars (the "Settlement Payment") within ten (10) days of the Effective Date. CSXT does warrant and represent that it has not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that CSXT has, had or may have against, the Debtor, the bankruptcy estate, the Trustee, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or |

---

[1] A mutually agreed to proposed stipulation and consent order (the "Stipulation and Consent Order"), will be submitted to the Court upon a Certificate of No Objection being issued by the Clerk of the Court to this Notice.

("CSXT") (CSXT together with the Trustee are collectively referred to as the "Parties") were parties to that certain CSX Transportation System Agreement dated July 1, 2009 (the "Agreement") by which Debtor provided certain transportation services to CSXT.

On September 27, 2012, the Debtor filed a complaint (the "First Complaint") administered under Adversary Proceeding No. 12-01979-KCF (the "First Adversary Proceeding"), asserting that CSXT violated the New Jersey Law Against Discrimination, specifically N.J.S.A. § 10:5-12(*l*).

On October 23, 2012, an Order was entered converting the Debtor's case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.

On October 25, 2012, John M. McDonnell was appointed Chapter 7 Trustee, and is duly qualified and is acting in that capacity.

On December 17, 2012, CSXT filed a motion to dismiss the Adversary Proceeding on the basis that: (1) the claim asserted in the Adversary Proceeding was subject to arbitration; (2) the First Complaint failed to a state a claim upon which relief may be granted; and (3) that venue for the action should be in the State of Florida.

On April 1, 2013, the Trustee filed a complaint ("Second Complaint") administered under

whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

CSXT unconditionally and absolutely withdraws, dismisses, releases, waives, and forever discharges with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estate, the Trustee, the Trustee's professionals, including but not limited to any claim that it is or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are permanently, disallowed and irrevocably expunged. CSXT further waives any and all objections to the fee applications of the Trustee and Trustee's counsel.

Upon entry of an order by the Bankruptcy Court approving the Stipulation and Consent Order and the performance of all obligations under the Stipulation and Consent Order by CSXT, the Trustee, in his capacity as the Chapter 7 Trustee of the Debtor's bankruptcy estate, releases and forever discharges CSXT, its parents, subsidiaries, affiliates, divisions, predecessors, shareholders, officers, directors, agents, attorneys, employees, representatives, successors and assigns (collectively the "CSXT Releasees"), from any and all claims, demands, causes of action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtor and the Debtor's bankruptcy estate ever had or now has, or may claim to have at the present time, against the CSXT Releasees, including but not limited to any claims arising from or relating to the Agreement, the termination of the Agreement, the provision of services under the Agreement, the allegations in the First and Second Complaints, the Adversary Proceedings, or pursuant to any provision of the Bankruptcy Code. The Trustee's, the Debtor's and the Debtor's bankruptcy estate's release of claims against the CSXT Releasees also includes, but is not limited to, any claims of harassment or discrimination based upon race, color, creed, national origin, ancestry religion, marital status, military status, sex, sexual orientation, sexual preference, citizenship status, pregnancy and related medical conditions, genetic predisposition, medical condition or disability or any other protected category under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act, Section 1981 of the Civil Rights Act of 1866, the Equal Pay Act, the Rehabilitation Act, the Age Discrimination in Employment Act ("ADEA"), the Family and Medical Leave Act, the Older Workers Benefits Protections Act ("OWBPA"), the Worker Adjustment and Retraining Act, the Pregnancy Discrimination Act, the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(l) et seq; N.J.S.A. 10:5-1; et seq., the New Jersey Family Leave Act, and any other local, city, state or federal harassment or discrimination laws; and all federal, New Jersey and Florida wage and hour laws, wage orders, and regulations, and any other federal, state or local laws or administrative orders or regulations. In addition, the Trustee's, the Debtor's and the Debtor's bankruptcy estate's release of claims against the CSXT Releasees includes, but is not limited to all common law claims, claims of breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or any other employment-related claim or other tort; any claim for costs, fees, or other expenses, including attorneys' fees; and all claims

2

| | |
|---|---|
| Adversary Proceeding No. 13-01374-KCF (the "Second Adversary Proceeding" and together with the First Adversary Proceeding, the "Adversary Proceedings") asserting, among other things, that CSXT owed the estate an outstanding receivable in the amount of approximately $19,154 (the "Outstanding Receivable'). <br><br> On April 8, 2013, the Bankruptcy Court entered an Order dismissing the First Adversary Proceeding for improper venue. <br><br> Following good faith negotiations, the Parties desire to settle the claim asserted in the Adversary Proceedings to avoid further costs of litigation. | under any other federal, state, or local laws. This release specifically includes claims regarding personal injuries and consequences thereof, including death, pain and suffering, and any injuries that may now exist but which, at this time, are unknown, unknowable, or unanticipated, or which may or may not develop further at some time in the future, and all potential claims concerning any unforeseeable or unanticipated further development or consequences of unknown injuries. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of the Stipulation and Consent Order. In addition, nothing in the Stipulation and Consent Order may be deemed to release (x) the Trustee's and the estate's rights and/or claims, counter claims, defenses, and/or causes of action related to the defendants in *North Connections Logistics, Inc v. Ameritemps of PA, Inc. et al.* Adv Proc. No 12-02070-KCF, (y) any claims, counter claims, defenses, and/or causes of action against any party that filed or will file a proof of claim against the Debtor or the estate, or (z) any and all claims by American Express Company/American Express and/or any of its affiliated companies. <br><br> This Agreement is not and shall not in any way be construed as an admission by CSXT of any allegations contained in the First Complaint, the Second Complaint, the Agreement, the Adversary Proceedings, or any violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, Section 1981 of the Civil Rights Act of 1866, the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(l); N.J.S.A. 10:5-1; et seq., or any federal, state or local laws, rules, regulations or ordinances. This Agreement is not and shall not be construed as an admission by CSXT that it was a joint employer with the Debtor as defined by the New Jersey Law Against Discrimination, the Fair Labor Standards Act of 1938, or Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866 or any federal, state or local laws, rules, regulations or ordinances. <br><br> Each party agrees that they shall bear their own costs and fees as it relates in any way to the Stipulation and Consent Order and/or any issues arising under or related to the Adversary Proceedings. <br><br> The Trustee, in his business judgment, believes that such settlement is in the best interest of the estate and its creditors because such payment may produce a distribution to unsecured creditors, without the uncertainty and length of potential litigation. |

Request for additional information about the nature of the action or the terms of the settlement should be directed to:

| | |
|---|---|
| NAME: | McDonnell Crowley, LLC |
| ADDRESS: | 115 Maple Ave., Suite 201, Red Bank, NJ 07701 |
| TELEPHONE NO. | (732)383-7233 |
| SUBMITTED BY: | Brian T. Crowley, Esq. |
| DATED: | August 15, 2013 |